Fremont *v.* Seals.

FREMONT *et al. v.* SEALS *et al.*

Where the admissions in an answer negative its general denials, the latter may be disregarded and judgment asked upon the former, where the complaint is verified, and the answer consists of such admissions and denials.

A patent from the United States upon the confirmation of a Mexican grant carries with it the ownership of the minerals in the land patented; and in ejectment for such land defendant cannot set up, as against the United States, or as against parties claiming from the United States—the paramount proprietor—a title resting upon mining rules and regulations.

The Act of March, 1856, "For the Protection of actual Settlers and to Quiet Land Titles in this State," was passed for the benefit of those who are desirous of building up homes in the country, and for that purpose are seeking, in good faith, lands for settlement and occupation; and hence, the eleventh section of the act does not apply to miners engaged simply in extracting gold from a quartz vein. They are not "settled upon" their vein in the sense of the statute, and the two years limitation of that section cannot avail them.

Where, to ejectment on a patent to plaintiffs for land from the United States, defendants plead possession in themselves and the parties through whom they claim for five years before the commencement of the action, on the fourth of March, 1860, but admitted the issuance of the patent on the nineteenth of February, 1856: *Held*, that the plea is of no avail, because the admission shows plaintiffs were seized of the premises within the five years.

APPEAL from the Thirteenth District.

The facts appear in the opinion of the Court. Defendants appeal.

*E. Cook*, for Appellants.

*C. T. Botts*, for Respondents.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The Court below rendered judgment for the plaintiffs upon the pleadings in the case, and the only question presented for consideration relates to the correctness of its ruling in this respect. The action is ejectment for the possession of certain premises in Mariposa county, title to which the plaintiffs assert under a patent of the United States, issued to Fremont, bearing date on the nineteenth of February, 1856. The defendants in their answer deny, generally, the allegations of the complaint, and at the same time admit the issuance of the patent, and that it embraces the premises in controversy. They disclaim all interest in the premises except in a certain quartz vein which the premises contain, and this vein they allege was taken up by them, or by parties through whom they claim, and is now held, in accordance with the mining laws, customs and regulations respecting claims to quartz veins, established and in force in Mariposa county. They also allege that they, or the parties through whom they claim, have occupied and hold their

respective interests in the vein for more than five years "last past," and for more than "two years from the date of the issuance of the patent;" that they entered upon the same without "actual force or fraud," and that their "interests" were not then, and have not been since inclosed by any other parties. They also allege fraud and misrepresentation in the survey and location of the grant upon which the patent issued, which it is unnecessary to notice, as those matters were the subject of elaborate consideration in the case of *Biddle Boggs* v. *The Merced Mining Company,* (14 Cal. 279) and were there held inadmissible against the patent in an action of ejectment.

The admissions in the answer negative its general denials, and the latter in such case may be disregarded, and judgment asked upon the former, the complaint being verified. The patent carries with it the ownership of the minerals which the premises contain. Title resting upon mining rules and regulations cannot avail against the paramount proprietor—the United States—and as a consequence, cannot against parties who claim by conveyance from the United States. (*Moore* v. *Smaw,* 17 Cal. 200 ; *Biddle Boggs* v. *Merced Mining Company,* 14 Id. 280.)

The eleventh section of the Act "For the Protection of actual Settlers and to Quiet Land Titles in this State," of March, 1856, cannot be invoked by the defendants. That act was passed, as its title indicates, for the protection of settlers, and the eleventh section applies only to "persons settled upon and occupying any part of the land patented." The defendants are miners, engaged simply in extracting gold from a quartz vein. They are not "settled upon" their vein in the sense in which the words of the statute are used. They have not the settlement which the law contemplates and intended to protect. From the whole tenor of the act it is apparent that it was passed for the benefit of those who are desirous to build up homes in the country, and for that purpose are seeking in good faith lands for settlement and occupation.

Nor will the Act of April, 1855, aid the defendants. Although they allege possession in themselves or the parties through whom they claim for five years "last past," and assuming for the purposes of this case that this is equivalent to an allegation of posses-

sion for five years before the commencement of the action, they admit the issuance of the patent to Fremont on the nineteenth of February, 1856, and thus that he was seized of the premises within that period.

Judgment affirmed.