[Civ. No. 5667. Third Appellate District.—September 5, 1936.]

THE BIDWELL MUNICIPAL UTILITY DISTRICT (a Municipal Utility District), Petitioner, v. LUELLA KNOTT, as Auditor, etc., Respondent.

Coyle Bybee for Petitioner.

J. R. King, Jr., Grayson Price and Devlin & Devlin & Diepenbrock for Respondent.

THOMPSON, J.—The petitioner seeks a writ of *mandamus* to compel the respondent to draw her warrant and pay the Bidwell Municipal Utility District the sum of $5,877.88, being the second instalment of taxes collected for the fiscal year of 1935–1936, and which is now held by the county of Butte for the benefit of the utility district pursuant to the provisions of the Municipal Utility District Act. (Stats. 1921, p. 245; 2 Deering's Gen. Laws of 1931, p. 3650, Act 6393.)

The Bidwell Municipal Utility District was duly organized pursuant to law in 1934. It is located in Butte County. The board of directors of that district, by resolution, fixed the rate and amount of taxes to be assessed and collected on the property included therein for the fiscal year of 1935–1936 pursuant to the provisions of section 20 of the Municipal Utility District Act. The taxes for that year were regularly levied and collected by Butte County in accordance therewith. The first instalment of taxes was paid to the district as provided by law. The second instalment of taxes amounting to the sum of $5,877.88 is now held by the county of Butte, and upon demand the respondent, auditor of that county, refuses to draw her warrant or pay to the district any part of that sum. It is conceded the Bidwell Municipal Utility District was regularly organized and that the taxes in question were assessed and collected in the manner provided by law and are now held in the county of Butte for the credit of the district. The district has become and now is an operating utility district and has incurred obligations with relation thereto which are unpaid.

In October, 1935, the qualified electors and property owners in the utility district signed and filed with the directors of the district a petition demanding that they call an election for the purpose of dissolving the district. The directors failed to call the election. A petition for a writ of *mandamus* was thereafter presented to the Superior Court of Butte County to compel the calling of the election. Upon hearing that petition for a writ of *mandamus* the trial court determined that the petition for an election was defective and the writ was denied. In December, 1935, a second petition was signed and filed with the directors by the electors of that district again urging the calling of an election to

dissolve the district. The directors failed and refused to comply with the second petition. An election has not been called. A second petition for a writ of *mandamus* to require the calling of an election for that purpose was filed. The court held that the writ should issue and instructed the directors to call the election as prayed for. Judgment in that proceeding was rendered May 14, 1936. From the last-mentioned judgment the district has appealed. That proceeding is still pending and the election has not yet been called.

This petition for a writ of *mandamus* to compel the payment of the taxes belonging to the district was filed May 21, 1936. ■ The respondent contends that it will be inequitable to require the payment of the tax money to the utility district for the reason that the election which is to be called may result in the dissolution of the district. No other reasons for the denial of the writ of *mandamus* are assigned.

We are of the opinion the writ should issue. It is conceded the tax money in question was collected by the county of Butte in the manner provided by law as and for the Bidwell Municipal Utility District, and that it belongs to that district. Subdivision 3 of section 20 of the Municipal Utility District Act, *supra,* provides that:

"Such taxes so levied shall be collected at the same time and in the same manner as county taxes; and when collected the net amount, ascertained as hereinafter provided, shall be paid to the treasurer of the district, under the general requirements and penalties provided by law for the settlement of other taxes."

The treasurer of the utility district by the preceding quoted portion of the act is constituted the legal custodian of the tax money belonging to the district which is levied and collected by the county officers as therein provided. The mere fact that proceedings are pending which may result in the dissolution of the district furnishes no lawful reason authorizing the county to retain the money. It is obvious that the debts and obligations of the district should be paid before it is dissolved. The very calling of an election to dissolve the district, which is insisted upon by the respondent, will incur necessary expenses which must be paid. Even though the district should be ultimately dis-

solved the tax money which was levied and collected pursuant to law by the county officers for that district does not belong to the county of Butte. While the utility district is in existence and is operating, its treasurer is entitled to the custody of the funds belonging to it as the law clearly declares. No equitable principle which is suggested may justify this court in disregarding the clear mandate of the statute. Moreover, there is no assurance that the electors will vote to dissolve the district. The result of the proposed election is entirely speculative. There appears to be no legal or equitable reason why the tax money belonging to the district should not be paid to it as required by law.

Nor may we presume that the money in question will be misapplied or wrongfully dissipated by the directors of the utility district. The legal custodian of the funds will be liable for any such misappropriation of funds. There is a clear remedy to prevent any attempt to pay illegal claims from the treasury of the district.

Let the peremptory writ of *mandamus* issue as prayed for directing the respondent to draw her warrant in favor of the district in the sum of $5,877.88.

Pullen, P. J., and Plummer, J., concurred.