[Civ. No. 6618.   Third Dist.   Dec. 18, 1942.]

COUNTY OF BUTTE, Respondent, v. A. R. WATERS, Individually and as Director, etc., et al., Appellants.

Action to quiet title.   Judgment on default affirmed.

Coyle E. Bybee for Appellants.

Jack M. McPherson, District Attorney, and Charles H. Andrews, Assistant District Attorney, for Respondent.

SCHOTTKY, J. pro tem. — Respondent county of Butte filed an action to quiet title to real and personal property in the possession of the appellant Bidwell Municipal Utility District, a district organized September 12, 1934, under the provisions of the Municipal Utility District Act (Stats. 1921, p. 245, as amended; Deering's Gen. Laws, Act 6393.) The district is located in northern Butte County, and includes the incorporated city of Chico and unincorporated commu-

nities of Paradise and Durham. The directors of the district were joined as defendants in the action, both as directors and individuals, and the banks holding moneys of the district on deposit were also joined as defendants.

Apparently both the formation of the district and its acquisition of property were opposed vigorously. The proceedings by which it was organized were challenged and finally upheld. (*Morrison* v. *White*, 10 Cal.App.2d 261 [52 P.2d 261]; and id., 10 Cal.App.2d 266 [52 P.2d 263].) In a later case the county auditor was required to deliver to the district a warrant for the amount of district taxes which had been collected. (*Bidwell Mun. Utility Dist.* v. *Knott*, 16 Cal.App.2d 432 [60 P.2d 588]. On December 6, 1935, a petition signed by qualified electors of the district was filed with the secretary of the district asking that the question of dissolution of the district be submitted to a vote of the electors. On February 20, 1936, the directors having failed to call an election as requested by said petition, a petition for a writ of mandamus in the Superior Court of Butte County was filed, and a writ was issued on May 13, 1936. An appeal was taken, and on March 29, 1938, the Supreme Court affirmed the judgment of the superior court ordering the election upon the question of the dissolution of the district to be held. (*Wahl* v. *Waters*, 11 Cal.2d 81 [77 P.2d 1072].) On June 28, 1938, the election was held and a majority of the electors voted for the dissolution of the district, and on July 6, 1938, the vote of the election was canvassed. On November 17, 1939, the present action was filed by the county of Butte.

Respondent's complaint sets forth in fifteen separate paragraphs the various acts of the defendants since the formation of the district, and alleges that during said time the appellant district acquired certain real and personal property, and prays that, in accordance with section 28 of the Municipal Utility Act of 1921, the title to said property be declared vested in plaintiff.

Appellants in their answer to respondent's complaint specifically and affirmatively pleaded the numerous acts performed since the organization of the district, and without denying that the election on the question of the dissolution of the district was legally held and that the votes were canvassed and showed a majority in favor of dissolution, denied that the district was dissolved, and denied that the county of Butte became the owner of the property of the district. Said

answer of appellants also sets forth facts showing that in the period between the filing of the petition for the calling of the election to vote upon the question of the dissolution of the district and the holding of the election, the district had acquired and was operating works supplying water to numerous water users.

Respondent filed a general demurrer to appellants' answer, and in their points and authorities in support of said demurrer cited the case of *Wahl* v. *Waters, supra.* The demurrer was sustained and appellants were allowed ten days in which to file an amended answer, and upon their failure to do so, judgment in favor of respondent followed, and this appeal is from said judgment.

Appellants argue that the court erred in sustaining the demurrer to their answer which, they state: "alleges four different and specific defenses to respondent's cause of action, viz.: (a) a general denial of respondent's claim of ownership to the real and personal property described in the complaint; (b) a denial that the District was dissolved as a result of the vote cast at the election held on June 28, 1938, because at that time and on July 6, 1938, the time respondent claims it was dissolved, the district was then and for some time had been operating works or properties; (c) the allegation that the appellant District at all times since its organization had functioned, has continued to function and is now functioning as a legally organized and operating municipal utility district under and under color of the Organic Act; and (d) the allegation that on October 4, 1937, by order of the Railroad Commission of the State of California, the appellant District was declared to be a District operating works or properties."

It is at once apparent that this argument is included in the larger and principal question involved upon this appeal, namely: Was the district dissolved? If the district was in fact dissolved, under the facts shown by the affirmative allegations of the answer, then under the Municipal Utility Act the property of the district would vest in the respondent county of Butte, and the mere denials of respondent's ownership or of the dissolution of the district, would not avail to make the answer set up a good ground of defense, when such denials were contradicted by the affirmative facts alleged. If authority is needed to support a proposition so

simple, it may be found in the early California case of *Fremont* v. *Seals,* 18 Cal. 433, 435, where the court said:

"The admissions in the answer negative its general denials, and the latter in such case may be disregarded, and judgment asked upon the former, the complaint being. verified."

We come then to the principal question involved upon this appeal: Was the district dissolved?

Appellants contend that the district was not dissolved by the election of June 28, 1938, because at that time the district was, and had been for some time, operating works or properties. In their closing brief appellants say:

"In the Wahl case the issue was the calling of an election; in the present case it is an issue of ownership of real and personal property and its operation since December 4, 1935. The *new element* is the acquisition, ownership, control and operation of a large amount of revenue producing property which creates new and different legal rights and relations between different parties claiming ownership thereof."

The conditions under which the electors of a municipal utility district may require an election upon the question of dissolution to be held are prescribed in section 28 of the act, which provides:

"The board of directors of any district which operates no works or properties, or whose exterior boundaries are coincident with the boundaries of a single city or town, may call an election at any time for the purpose of submiting to the qualified electors of said district the question of whether the district shall be dissolved; and the said board of directors must, upon the filing with the secretary of such district of a petition signed by qualified electors of said district, equal in number to not less than twenty-five per cent of the votes cast within said district at the general State election next preceding, asking that the question of dissolution of the district be submitted to a vote of the electors of the district, call such election."

Appellants do not contend that the election for the dissolution of the district was not legally held, nor do they contend that a majority of the electors of the district did not vote for the dissolution of the district. Appellants are, of course, bound by the decision of the Supreme Court in *Wahl* v. *Waters, supra,* as they were parties defendant in that case, and respondent county of Butte is certainly in privity with the

plaintiff taxpayer in that case. What was decided in the Wahl case was that at the time the petition for the calling of the dissolution election was filed, the district was operating no works or properties, and the petition being sufficient in all respects, the board of directors was required to call the election.

Appellants do, however, argue most earnestly that because the district had during the period between the filing of the petition for the calling of the election and the holding of said election, proceeded to acquire and operate works supplying water to numerous water-users, and was at the time of said election operating "works or properties," the election did not operate to dissolve said district. In view of the plain provisions of the Municipal Utility Act, we are unable to find any merit in this contention. The said act provides for the organization and government of such districts, and in section 28 thereof, the pertinent portion of which we have hereinbefore set forth, it provides, where the district "operates no works or properties," for the calling of an election at which the question of dissolution shall be submitted to the voters of the district. The courts have already determined that the appellant district was operating no works or properties at the time the petition was filed, and ordered the election to be called, resulting in a majority vote to dissolve the district. To agree with the contention of appellants would in effect be to hold that, notwithstanding the fact that the electors who signed and filed the petition for the calling of the election complied with the act in every respect and were entitled to have the election called, yet, because the directors of the district, by obstructive litigation, were able to delay the holding of the election for two and one-half years, and in the intervening period hastened to acquire and operate works and properties, the appellant district could deprive the electors of the right to dissolve the district. There is nothing in the act that would justify such a holding, and certainly such a result could not have been intended by the Legislature. It is, of course, unfortunate that the directors should have gone to so much trouble and effort to provide works for an electorate, the majority of whom did not appear to want the district to continue, but, after all, the Legislature has given the electors residing in a utility district the right, under certain conditions, to determine whether a district shall continue in exis-

tence, and the directors of a district cannot take away that right by delaying the election. The right to the election began when the petition was filed, and the signers of the petition and the people of the district cannot be deprived of the results of the election.

Appellants make the further contention that because the Railroad Commission, on October 4, 1937, made an order granting J. A. and C. J. Greene permission to abandon a small private water plant in Durham, and in such order stated that the appellant district "has installed and is now operating a water system serving the entire community," such decision by the commission is conclusive upon the courts as to the question of the operation of works or properties. Appellants overlook the important point that what is here involved is the status of the district on the date the petition for the election was filed. No one disputes the fact that the district did begin to operate works or properties after the petition for the election was filed, and that it continued legally to function as a district until it was dissolved by a vote of the electors.

Appellants make a final contention that by virtue of the acts of the Legislature in 1935, 1937, and 1939, validating the actions of the directors of the district, respondent cannot legally claim title to the real and personal property of the district. What we have already said is sufficient to dispose of this contention.

In view of the foregoing we conclude that the trial court correctly sustained respondent's demurrer to appellants' answer, and that the judgment should be affirmed.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.